### BRUCE v. HENRY FORD HOSPITAL.

1. APPEAL AND ERROR—BRIEFS—COMPLIANCE WITH COURT RULES NECESSARY.

Supreme Court's action in not striking from files appellant's brief for failure to comply with Michigan Court Rule No. 69 must not be taken as precedent, but said rule must be complied with.

---

As to what is a charitable institution within the rule exempting from liability for negligence, see annotation in 2 L. R. A. (N. S.) 556,

2. CHARITIES—HAS WELL-UNDERSTOOD MEANING.
> That word "charity" has well-understood meaning may be implied from use of word "charitable," without defining it, in connection with word "hospitals" in article 8, § 11, State Constitution, and in many statutes, and, when so used, has much broader significance than when used in common parlance applying to almsgiving alone.

3. SAME—TEST APPLIED TO GIFTS.
> The test as applied to a gift is whether it is charitable in its nature.

4. SAME—HOSPITALS—TEST APPLIED TO HOSPITALS.
> The test which determines whether a hospital is charitable is its purpose, that is, whether it is maintained for gain, profit, or advantage; and the purpose is to be determined, in case the hospital is incorporated, not only from its powers as defined in its charter, but also from the manner in which it is conducted.

5. SAME—CHARITABLE HOSPITAL NOT LIABLE FOR NEGLIGENCE OF EMPLOYEES.
> Corporation organized under 2 Comp. Laws 1915, § 9054 *et seq.*, not for pecuniary profit, but to construct and maintain a hospital on land donated for that purpose with money also donated "for the care and relief of indigent and other sick, infirm, or injured persons," and which accepts persons for treatment regardless of their ability to pay (there usually being a large operating deficit), is a charitable hospital, and therefore not liable for the negligence of its employees.

6. DEEDS—GIFTS—CONDITION SUBSEQUENT—REVERSIONARY CLAUSE—DETERMINABLE FEE.
> Language in the habendum clause of a deed conveying land as a gift to be used for hospital purposes providing that in case of failure to so use it for certain period it shall revert to grantors, their heirs, etc., does not render the gift void, but under said language a determinable fee was created.

Error to Wayne; Brennan (Vincent M.), J.  Submitted April 22, 1931.  (Docket No. 6, Calendar No. 34,472.)  Decided June 1, 1931.

Case by Elizabeth Bruce against Henry Ford Hospital and others for malpractice.  Directed verdict

and judgment for defendant hospital. Plaintiff brings error. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Longley & Middleton,* for defendant hospital.

Sharpe, J. This action was brought by the plaintiff to recover damages alleged to have been caused by acts "of gross negligence and mistreatment and malpractice" of the defendants and their agents while she was in their care and under treatment in the defendant hospital. The trial resulted in a disagreement of the jury. The defendant hospital thereafter moved for judgment upon the evidence and proofs submitted, and judgment was thereupon entered in its favor, pursuant to the provisions of Act No. 73, Pub. Acts 1927 (3 Comp. Laws 1929, § 14535). Plaintiff seeks review by writ of error.

Counsel for appellant have failed to comply with the requirements of Michigan Court Rule No. 69. We do not strike their brief from the files for this reason, but our action in this respect must not be treated as a precedent. The rule must be complied with.

The question presented is whether the hospital is liable to a patient for malpractice of its surgeons. In opening the argument in their brief, plaintiff's counsel say:

"It is the contention of plaintiff in this cause that the defendant Henry Ford Hospital is not an eleemosynary institution. That is not a charitable organization. That while it is a corporation organized not for pecuniary profit, it does not come within the law of charitable organizations, and, therefore, it is liable for negligent acts of its employees and agents within the scope of their employment."

If it is a charitable organization, decision is controlled by the holding of nonliability in *Downes* v. *Harper Hospital,* 101 Mich. 555 (25 L. R. A. 602, 45 Am. St. Rep. 427), and *Pepke* v. *Grace Hospital,* 130 Mich. 493. To determine this question, we must look to the manner in which it was organized and the way it has always been conducted. This hospital was incorporated on August 18, 1915, under Act No. 171, Pub. Acts 1903 (2 Comp. Laws 1915, § 9054 *et seq.*), entitled ''An act for the incorporation of associations not for pecuniary profit.'' Its purposes, as set forth in its articles of incorporation, are:

''To construct, complete, equip, maintain and conduct a hospital for the care and relief of indigent and other sick, infirm or injured persons, and the treatment of maternity cases; the study and teaching of the cause, nature, prevention and cure of various diseases, and the dissemination of knowledge relating thereto, and the erection, equipment and maintenance of all buildings and laboratories necessary or incidental thereto, upon land situated in the city of Detroit, in the county of Wayne, Michigan, and this day conveyed by Henry Ford to said corporation, in trust for said purposes.''

The incorporators were Henry Ford, Edsel B. Ford, Clara J. Ford, Ernest G. Liebold, and Frank J. Sladen, the first four of whom were named as trustees or directors. By-laws were adopted providing for annual and special meetings; for the election of a board of four trustees, who should manage and control the business and property of the corporation; for filling vacancies in such board; for the duration of their term of office, and for the election of officers and prescribing their duties.

The money with which the hospital was built was contributed by Mr. and Mrs. Ford and their son, Edsel B. Ford. Their contributions up to and in-

cluding the year 1927 (trial was had in 1928) amounted to over $12,000,000, of which about one-third was represented by operating deficit. The deficit for the year 1927 was $718,508.48. No other contributions have been received.

The word "charity" was defined by Mr. Justice Cooley in *Allen* v. *Duffie,* 43 Mich. 1, 7 (38 Am. Rep. 159), as follows:

"Charity is active goodness. It is doing good to our fellow men. It is fostering those institutions that are established to relieve pain, to prevent suffering, and to do good to mankind in general or to any class or portion of mankind."

In both volumes of Words and Phrases, under the heading "Charity," many definitions of this word will be found. That it has a well-understood meaning may be implied from the use of the word "charitable," without defining it, in connection with the word "hospitals" in article 8, § 11, of our State Constitution, and in many of our statutes. It has a much broader significance when so used than in common parlance, when we are likely to apply it to almsgiving alone, and it "embraces the improvement and promotion of the happiness of man." *New England Sanitarium* v. *Inhabitants of Stoneham,* 205 Mass. 335, 342 (91 N. E. 385). The test as applied to a gift is whether it is charitable in its nature.

In *Downes* v. *Harper Hospital, supra,* it appeared that the organization had its origin in two deeds conveying property to certain persons in trust. The purpose was stated therein to be—

"The institution, erection, and maintenance of a hospital in the city of Detroit, or in the immediate vicinity thereof, for the succor, care, and relief of such aged, sick, poor persons who shall apply for

the benefit of the same, and who shall seem to my trustees hereof to be proper subjects for such aid as their means will enable them to afford.''

The property was conveyed by the trustees to a corporation organized under Act No. 242, Pub. Acts 1863 (3 Comp. Laws 1915, § 10840 *et seq.*), enacted after the deeds were given. The court referred at some length to the manner in which it was conducted, which did not materially differ from the defendant hospital in that respect, and then said:

''It certainly follows that the fund cannot be indirectly diverted by the tortious or negligent acts of the managers of the fund, or their employees, though such acts result in damage to an innocent beneficiary. Those voluntarily accepting the benefit of the charity accept it upon this condition.''

It was further said:

''Several hospitals of this character exist in this State, founded by private munificence. Obviously, they would not have been founded if their donors had known, or ever supposed, that their charitable purposes might be thwarted by the verdicts of juries for the negligent acts of those who must necessarily be employed in the execution of the charity.''

The similarity between the purpose as expressed in the deed in the *Downes Case* and that in the articles of association of the Ford Hospital will be noticed. While the same language is not used, it is apparent that the same object was sought to be attained. In 30 C. J. p. 462, it is said:

''The test which determines whether a hospital is charitable or otherwise is its purpose, that is, whether it is maintained for gain, profit, or advantage, or not. And the question of whether a hospital is maintained for the purpose of charity

or for that of profit is to be determined, in case the hospital is incorporated, not only from its powers as defined in its charter but also from the manner in which it is conducted.''

That persons without means to pay for their care and treatment were not refused admission clearly appears from the testimony of Israel R. Peters, the "executive head" of the hospital. If the patient "made some comment about not being able to pay to the original admitting clerk," he was referred to Mr. Peters, in which case he tried to secure an adjustment under which the patient would pay a portion of the bill and the difference would be assumed by the hospital. He further said:

"Of course, in a great many instances they did not pay anything, and either expired or when they were discharged were not able to resume employment, or the family was a large one and they just didn't have enough money to make ends meet. The result was that that was charged off."

In *Michigan Sanitarium & Benevolent Ass'n* v. *Battle Creek*, 138 Mich. 676, 683, wherein the question of the exemption of the property of the plaintiff from taxation was involved, Mr. Justice Carpenter, speaking for the court, said:

"Such a corporation is sufficiently charitable to entitle it to the privileges of the act when the charges collected for services are not more than are needed for its successful maintenance."

It seems clear that the Ford hospital was a charitable organization at the time plaintiff was a patient therein.

Counsel call attention to the fact that this corporation was not organized under the law providing for the incorporation of hospitals. While the provi-

sions of Act No. 242, Pub. Acts 1863 (3 Comp. Laws 1915, § 10840 *et seq.*), under which the Harper hospital was organized, appear in compilations since that time, and were not in terms expressly repealed until the enactment of the general corporation act (Act No. 84, Pub. Acts 1921, 2 Comp. Laws 1929, § 9943 *et seq.*), yet section 7 of Act No. 171, Pub. Acts 1903, as amended in 1905 (Act No. 163), and in 1909 (Act No. 148), in force at the time the Ford hospital was incorporated in 1915, contained this provision:

"Hereafter all new corporations not organized for profit and having no capital stock, except religious organizations   *   *   *   shall be organized under this act."

Counsel for the plaintiff direct our attention to the habendum clause in the deed of conveyance from Mr. and Mrs. Ford to the corporation. After stating that the premises were conveyed for the purpose of maintaining and conducting a hospital thereon, it contained the following:

"Said land, appurtenances and all improvements thereon shall revert to first parties, their heirs, representatives and assigns, upon the failure of second party, its successors and assigns, to conduct and maintain said hospital thereon for a period of ninety days."

They rely upon the following from 28 C. J. p. 646:

"A condition attached to ·a gift, that upon the happening of a certain event the property shall revert to the donor, renders the gift void."

The effect of this reversionary provision is not involved in this case. It seems clear, however, that the rule as stated is not applicable. If so, then the

corporation has no property out of which any judgment recovered by plaintiff could be satisfied. Under the language used, a determinable fee was created. *Epworth Assembly* v. *Railway*, 236 Mich. 565.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.