PODVIN v. ST. JOSEPH HOSPITAL.

1. DISCOVERY—CHARITABLE HOSPITAL—IMMUNITY FROM LIABILITY
   FOR TORTS—WAIVER—INSURANCE.
   A charitable hospital, as a tort-feasor which is immune from
   liability at common law, does not waive such immunity by
   purchasing and maintaining liability insurance, hence, plain-
   tiff's motion for discovery of defendant hospital's liability in-
   surance policy was properly denied (Court Rule No 35, § 6
   [1945]).

2. JUDGMENT—SUMMARY JUDGMENT—CHARITABLE HOSPITAL—NEGLI-
   GENCE.
   Defendant hospital in action by former patient for injuries
   alleged to have been sustained as a result of the negligence of
   defendant's employees in May, 1955, held, entitled, on issue
   of whether or not it was a nonprofit charitable institution, to
   summary judgment on its motion therefor filed with supporting
   affidavit and deposition showing definitely that the hospital
   was organized for nonprofitable purposes and had never been
   engaged in any activity for pecuniary gain or profit, hence,
   then qualified in fact for immunity as a charitable and non-
   profit hospital, where such showing does not appear to have
   been disputed by plaintiff when opportunity to do so was
   given (Court Rule No 30, § 7 [1945]).

Appeal from Genesee; Roth (Stephen J.), J. Sub-
mitted December 6, 1962. (Calendar No. 106, Docket
No. 49,031.) Decided January 11, 1963.

Case by Donald H. Podvin against St. Joseph
Hospital, a Michigan corporation, for injuries sus-
tained while a patient. Petition for discovery of

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 10 Am Jur, Charities § 140 et seq.

defendant's liability insurance policy denied. Action dismissed on motion. Plaintiff appeals. Affirmed.

*Bahls & Mohl, van Benschoten & van Benschoten,* and *Walter J. Barkey,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* and *James M. Pearson,* for defendant.

Per Curiam. Plaintiff declared in the Genesee circuit alleging that, in May of 1955, he was hospitalized in and subject to care by defendant St. Joseph Hospital of Flint; that during such hospitalization personal injuries of permanent nature were suffered by him on account of negligent acts and omissions of persons employed by the hospital; that the hospital was not in fact a charitable and nonprofit institution, and that it was responsible to him in damages for such personal injuries and their pleaded consequences.

The defendant hospital filed "Motion to dismiss said cause of action as to defendant St. Joseph Hospital," alleging that "said hospital was and is a charitable institution and, therefore, not liable for the negligent acts of its agents, servants, or employees." Upon hearing of the motion Judge Roth found "that St. Joseph Hospital is a nonprofit so-called charitable hospital and that as such under the present law set forth in *Parker* v. *Port Huron Hospital*" it could not "be held liable for the alleged negligent acts of [its] agents, servants and employees." The cause thereupon was dismissed. Plaintiff appeals and presents these questions:

"Should plaintiff's motion for discovery[1] of defendant's liability insurance policy to ascertain whether

---

[1] See Court Rule No 35, § 6, as added and amended 334 Mich xl, 352 Mich xvii.—Reporter.

or not defendant had waived any immunity from tort liability have been granted?"

"Should plaintiff's cause of action, which arose in May, 1955, have been dismissed because the trial court found without the taking of testimony, upon either motion or trial, that the defendant was a nonprofit charitable institution?"

*First:* Stated question 1 is controlled by governing views expressed in *Christie* v. *Board of Regents of University of Michigan,* 364 Mich 202, *Browning* v. *Paddock,* 364 Mich 293, 298, and *Sayers* v. *School District No. 1,* 366 Mich 217. A clear majority of the Court stands against contention that a tortfeasor immune from liability at common law waives such immunity by purchasing and maintaining liability insurance. The trial judge therefore did not err reversibly when he refused to compel production of the defendant hospital's policy of liability insurance.

*Second:* Relying upon rules stated in *Downes* v. *Harper Hospital,* 101 Mich 555 (25 LRA 602, 45 Am St Rep 427), and *Bruce* v. *Henry Ford Hospital,* 254 Mich 394, plaintiff insists as against the defendant hospital's granted motion that he is entitled to jury trial of the pleaded issue of charitable status.[2] We are obliged to hold otherwise, the defendant hospital's unopposed—by affidavit or deposition—motion considered.

The defendant hospital's motion, although styled and submitted as a motion to dismiss, was in purport and effect a motion for summary judgment authorized by section 7 of Court Rule No 30 (1945). It

---

[2] In *Bruce* v. *Henry Ford Hospital* (pp 399, 400), the Court adopted this test from 30 CJ, Hospitals, § 1, p 462:

"The test which determines whether a hospital is charitable or otherwise is its purpose, that is, whether it is maintained for gain, profit, or advantage, or not. And the question of whether a hospital is maintained for the purpose of charity or for that of profit is to be determined, in case the hospital is incorporated, not only from its powers as defined in its charter but also from the manner in which it is conducted."

was supported by affidavits and a deposition showing definitely that the hospital was organized for nonprofitable purposes; that the hospital was never engaged in any activity for pecuniary gain or profit, and that it was qualified in fact for the right of immunity charitable and nonprofit hospital corporations enjoyed prior to September 15, 1960. See both opinions of *Parker* v. *Port Huron Hospital,* 361 Mich 1, 28. The showing made by the defendant hospital was undisputed. Full opportunity to oppose it, as in said section 7 provided, was given plaintiff. He did not avail himself of such opportunity and did not, so far as the appendices disclose, cross-examine the deposing witness (Sister Verenice). Her testimony established with some little detail the charitable status of the defendant hospital. Plaintiff was not, in these circumstances, entitled to jury trial of the issue posed by stated question No 2.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.