TOPPS OF WARREN, INC., *v.* CITY OF WARREN

OPINION OF THE COURT

1. TAXATION—STATE TAX COMMISSION—REVIEW OF TAX ROLLS—
STATUTES—CONSTRUCTION.

> The State Tax Commission possesses only those powers conferred
> upon it by statute and these statutes must be strictly con-
> strued.

2. TAXATION—STATE TAX COMMISSION—REVIEW OF TAX ROLLS—
TIME FOR REVIEW.

> The State Tax Commission may inspect assessment rolls, on its
> own motion pursuant to the exercise of its supervisory power,
> and revalue improper valuations if such action is taken before
> the first Monday in May, but where the Commission does not
> act until after that date, action is foreclosed (MCLA § 211-
> .152).

3. TAXATION—STATE TAX COMMISSION—REVIEW OF TAX ROLLS—
TIME FOR REVIEW.

> The State Tax Commission has the power to revalue incorrect
> or false statements of personal property value, but only upon
> petition of the assessing officer of the district in which the
> taxpayer is located (MCLA § 211.22).

4. TAXATION—STATE TAX COMMISSION—REVIEW OF TAX ROLLS—
REQUIREMENT FOR REVIEW.

> The State Tax Commission has the power to "advise" local
> assessors to petition the Commission for examination of a tax-
> payer's statements of value and this formal requirement must
> be complied with in order to confer jurisdiction upon the Com-
> mission (MCLA § 211.150).

REFERENCE FOR POINTS IN HEADNOTES
[1–7] 51 Am Jur, Taxation §§ 647–661.

Dissenting Opinion

Quinn, J.

5. Constitutional Law—Taxation—Property—State Tax Commission.

> The constitutional mandate requiring uniformity of taxation cannot be met if a taxpayer is permitted to pay taxes on property that is undervalued; implementation of the constitutional uniformity requirement is one of the obligations of the State Tax Commission (Const 1963, art 9, § 3; MCLA § 211.150).

6. Taxation—State Tax Commission—Corporations.

> Petition for investigation of personal property valuation of subsidiary corporation gave the State Tax Commission jurisdiction to investigate all Michigan subsidiaries of parent corporation and authority to correct any irregularity found to exist, where the records of the subsidiaries were kept by the parent corporation and the inventories of the subsidiaries were furnished by the parent corporation.

7. Taxation—State Tax Commission—Statutes—Constitution—Constitutional Law.

> Strict construction reasoning is improper where it unduly restricts the State Tax Commission in fulfilling its statutory and constitutional obligations.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 4, 1970, at Lansing. (Docket No. 8,131.) Decided October 1, 1970.

Complaint by Topps of Warren, Inc., against City of Warren to recover property taxes paid pursuant to upward revaluation by State Tax Commission. Complaint dismissed on defendant's motion. Plaintiff appeals. Reversed and remanded.

*Miller, Canfield, Paddock & Stone (Gilbert E. Gove,* of counsel), for plaintiff.

*Sherman P. Faunce,* City Attorney, and *Emil E. Cardamone,* for defendant.

Before: Lesinski, C. J. and Quinn and Rood,* JJ.

Lesinski, C. J.   This action was commenced by plaintiff, Topps of Warren, Inc., to recover taxes paid under protest pursuant to an upward revaluation of its personal property by the State Tax Commission.  After summary judgment was granted defendants, and a subsequent motion for reconsideration by plaintiff was denied, the plaintiff appealed. The facts have been stipulated.

In June, 1967, the assessing officer for the City of Oak Park petitioned the State Tax Commission for an investigation of the personal property valuation of Topps-Stillman, Inc., a Michigan corporation with one store in Oak Park and another in Redford Township, averring that the value had been understated.  Topps-Stillman, Inc., and plaintiff Topps of Warren are two of ten separate but wholly-owned corporate subsidiaries of Interstate Department Stores, Inc., a foreign corporation.  No petition for such investigation was filed by the assessing officer in Warren or any other taxing district in the state.

However, the State Tax Commission adopted a resolution on June 28, 1967 to review the personal property assessment of *all Topps stores in Michigan,* and at a later hearing increased the personal property tax assessments of all ten corporate subsidiaries.   This action resulted in a $8,992.15 increase in taxes due from *Topps of Warren.*

The central issue raised on appeal is whether the State Tax Commission had authority to initiate proceedings to revise the personal property assessments of *Topps of Warren* on the 28th of June.

Plaintiff contends that the jurisdiction of the State Tax Commission is purely statutory, that the statutes must be strictly construed, and that if the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

commission had jurisdiction it lost it through the passage of time. We agree. The State Tax Commission possesses only those powers conferred on it by statute. *Detroit Edison Co.* v. *City of Detroit* (1941), 297 Mich 583. These statutes must be strictly construed. In *In re Dodge Brothers* (1928), 241 Mich 665, 669, the Court said, "The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer."

There are five basic provisions under which the commission could proceed in this case. General supervision over supervisors and assessing officers is given under MCLA § 211.150 (Stat Ann 1970 Cum Supp § 7.208), and MCLA § 209.104 (Stat Ann 1960 Rev § 7.634). The commission may inspect assessment rolls and revalue improper valuations under MCLA § 211.152 (Stat Ann 1970 Cum Supp § 7.210). It also has the power to investigate and correct irregularities arising from incorrect or false statements of valuation under MCLA § 211.22 (Stat Ann 1970 Cum Supp § 7.22).

But by explicit terms, these powers are limited as to time. The commission may inspect the assessment rolls on its own motion pursuant to the exercise of its general supervisory power but, "in no case later than the first Monday in May." MCLA § 211.152, *supra.* Since the commission failed to act on its own motion until after that date, that statutory exercise of power was foreclosed.

The only other provision implementing the supervisory jurisdiction concerns cases of incorrect or false statements of valuation. MCLA § 211.22, *supra,* reads as follows:

"Whenever examination and investigation reveal that the written statement of personal property is

incorrectly made, that any date submitted is false, or that certain personal property has been omitted from the statement, *the supervisor or assessing officer may petition the state tax commission* to revise the personal property assessment of the person submitting such erroneous statement, if the petition is filed on or before June 30 of each year. Any taxpayer who has incorrectly filed an over-stated property statement may revise such statement on or before June 30, and petition the tax commission to revise his assessment in accordance with law. *The person to whom such personal property is assessable shall be granted the opportunity of a hearing."* (Emphasis supplied.)

Admittedly, the petition filed by the Oak Park assessing officer was timely, and allowed the commission to revise the assessment of Topps-Stillman, Inc.

However, we agree with the plaintiff's contention that the plain meaning of the statute is that a petition from the assessor in one district does not grant jurisdiction to the commission to review property statements of *other* taxpayers in different districts. A close reading of the statute reveals that the jurisdiction of the commission only gives power "to revise the personal property assessment of *the person submitting such erroneous statement"* when *the* supervisor or *assessing* officer has made a timely petition. (Emphasis supplied.)    Since Topps-Stillman, Inc., and Topps of Warren are distinct corporate entities, and hence different "persons," the petition of the *Oak Park assessor* could not extend the commission's jurisdiction to Topps of Warren.

We reach the above conclusion notwithstanding the argument of defendant that, under MCLA § 211.150, *supra,* the commission *could have* "advised" the various local assessors involved to

petition for examination of Topps of Warren, etc.'s statements.[1] However, the failure to so do is fatal to defendants' position. *In re Dodge Brothers, supra,* at p 669.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to plaintiff.


Rood, J., concurred.


Quinn, J., (*dissenting*). I am unable to agree with the majority opinion. Topps of Warren and the other nine corporate subsidiaries of Interstate Department Stores in Michigan are not only wholly owned by Interstate; the records of the subsidiaries are kept by Interstate in New York and the inventories of the subsidiaries are furnished to them by Interstate from New York.

Const 1963, art 9, § 3, requires uniformity of taxation. This constitutional mandate cannot be met if a taxpayer is permitted to pay taxes on property that is undervalued. Implementation of the constitutional uniformity requirement is one of the obligations of the State Tax Commission. MCLA § 211.150 (Stat Ann 1970 Cum Supp § 7.208) provides in part:

"It shall be the duty of the commission:

"(1) To have and exercise general supervision over the supervisors and other assessing officers of this state, and to take such measures as will secure the enforcement of the provisions of this act, to the end that all of the properties of this state liable to

---

[1] We might also add that it is not entirely clear whether merely "advising" the local assessors to file petitions would have resulted in the petitions in fact being filed. MCLA § 211.24 (Stat Ann 1960 Rev § 7.24), requires the local supervisor to estimate the true cash value of all the personal property of each person, and set the same down opposite the name of such person. In determining the property to be assessed and in estimating such value, *he shall not be bound to follow the statements of any person, but shall exercise his best judgment.*

assessment for taxation shall be placed upon the assessment rolls and assessed at that proportion of true cash value which the legislature from time to time shall provide pursuant to the provisions of article 9, § 3, of the constitution.

\*  \*  \*

"(3) To receive all complaints as to property liable to taxation that has not been assessed or that has been fraudulently or improperly assessed, and to investigate the same, and to take such proceedings as will correct the irregularity complained of, if any is found to exist."

The majority opinion concedes that the proceeding to revise the assessment of Topps-Stillman, Inc., was proper, and I agree. It is my view that the petition for investigation filed in the Topps-Stillman, Inc., matter gave the tax commission jurisdiction to investigate all subsidiaries of Interstate Department Stores in Michigan and authority to correct any irregularity found to exist.

In a tax avoidance case, *Charles E. Austin, Inc.,* v. *Secretary of State* (1948), 321 Mich 426, 434, the Supreme Court applied the rule announced in *In re Culhane's Estate* (1934), 269 Mich 68:

"The separate existence of the two corporations will be ignored and both will be regarded as one where they are so organized and carried on that one is a mere instrumentality or agent or adjunct of another."

This reasoning is firmly supported by *People* v. *Clauson* (1964), 231 Cal App 2d 374 (41 Cal Rptr 691), and this reasoning leads to the conclusion that Interstate Department Stores is the *person* submitting the erroneous statement in the present case, MCLA § 211.22 (Stat Ann 1970 Cum Supp § 7.22), and not the individual Michigan subsidiaries.

This reasoning and the provisions of MCLA § 211.150, quoted *supra,* lead me to believe that the majority opinion's strict construction reasoning is improperly applied in this case because it unduly restricts the tax commission in fulfilling its statutory and constitutional obligations.

I vote to affirm.