TOPPS-TOELLER, INC v CITY OF LANSING

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—COURT RULES.

A motion for summary judgment must be supported by affidavit; an affidavit opposing summary judgment is not required (GCR 1963, 117.3).

2. JUDGMENT—SUMMARY JUDGMENT—OPPOSING AFFIDAVIT—COURT RULES.

The failure of a defendant's affidavit opposing a motion for summary judgment by the plaintiff to "be made on personal knowledge" as required by the court rules does not necessarily entitle the plaintiff to summary judgment because the decisional basis for granting or denying a motion for summary judgment extends beyond a consideration of the submitted affidavits (GCR 1963, 116.4, 117.3).

3. JUDGMENT—RES JUDICATA—COLLATERAL ESTOPPEL.

Res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit; collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action.

4. APPEAL AND ERROR—LAW OF THE CASE.

The doctrine of "law of the case" offers the parties to a lawsuit a measure of certainty by according finality to the litigated issues until the cause of action is fully litigated, including retrials or appeals.

5. COURTS—STARE DECISIS.

The principle of stare decisis requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] No reference.
[3] 46 Am Jur 2d, Judgments §§ 394–620.
[4] 5 Am Jur 2d, Appeal and Error §§ 744–759.
[5–8] 20 Am Jur 2d, Courts §§ 183–203.

6. JUDGMENT—SUMMARY JUDGMENT—STARE DECISIS.

A trial court erred in granting a summary judgment to a plaintiff who had prevailed on an issue in a previous action against a different party on the principle of stare decisis, because stare decisis is inapplicable as a basis for decision when a court is confronted with essentially different facts, and the defendant has a right to present facts which he believes are essentially different from those of the first case.

7. COURTS—COURT OF APPEALS—STARE DECISIS—PRECEDENT.

A panel of the Court of Appeals is not bound by the decision of a previous panel.

8. COURTS—STARE DECISIS.

The principle of stare decisis does not preclude reversal of prior law no longer considered viable.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 January 9, 1973, at Lansing. (Docket No. 13296.) Decided June 25, 1973. Leave to appeal denied, 390 Mich 788.

Complaint by Topps-Toeller, Inc., against the City of Lansing and Gerald Graves, its treasurer, to recover property taxes paid under protest. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove),* for plaintiff.

*James R. Giddings,* City Attorney, for defendants.

Before: BRONSON, P. J., and McGREGOR and DAN-HOF, JJ.

BRONSON, P. J. Defendant appeals from a circuit court order granting plaintiff's motion for summary judgment.

The present case, while involving different parties, emanates from the same controversy previously considered by this Court in *Topps of Warren,*

*Inc v City of Warren,* 27 Mich App 59 (1970). The essential facts precipitating this controversy are as follows.

Topps-Toeller, Inc., plaintiff, commenced this action to recover taxes paid under protest pursuant to MCLA 211.53; MSA 7.97. The sum in dispute was assessed as the result of an upward revaluation of plaintiff's personal property by the State Tax Commission. Plaintiff, like the plaintiff in *Topps,* is one of the ten separate but wholly owned corporate subsidiaries of Interstate Department Stores, Inc. (hereinafter "Interstate"). This and other independent actions arose from a petition filed by the City of Oak Park with the State Tax Commission requesting a revision of the 1966 personal property valuation of Topps-Stillman, Inc. The tax commission proceeded to revalue all the personal property of Interstate subsidiaries in Michigan after receipt of this petition. This revision caused the City of Lansing to make additional assessments of $9,785.35 upon the property of Topps-Toeller, Inc., located in Lansing.

On April 5, 1971, plaintiff filed a motion for summary judgment which defendant opposed by answer and affidavit. Subsequently, the trial judge by written opinion granted plaintiff's motion based upon this Court's previous opinion in *Topps of Warren, Inc v City of Warren, supra.* From this decision defendant appeals, and we restate the issues raised as follows:

(1) Did defendant adequately present a genuine issue as to a material fact in accordance with the general court rules precluding the application of GCR 1963, 117.2(3)?

(2) Does *Topps of Warren, Inc v City of Warren* constitute controlling authority for the present case justifying an entry of summary judgment upon the merits in favor of plaintiff?

Defendant first alleges that a genuine issue as to a material fact was presented foreclosing the application of GCR 1963, 117.2(3). Plaintiff opposes this contention by arguing that defendant failed to submit sufficient facts by an affidavit in compliance with GCR 1963, 116.4 to establish an issue of material fact. The rules governing the application of Rule 117.2(3) are found in Rule 117.3, which in pertinent part provides:

"A motion based upon subrule 117.2(3) *shall* be supported by affidavits, and the opposing party prior to the day of hearing *may* serve opposing affidavits. The affidavits submitted by either party *shall* be governed by the provisions of subrules 116.4, 116.5, and 116.6." (Emphasis added.)

This language indicates that the party opposing the motion for summary judgment *may* submit opposing affidavits which *shall* be governed by Rules 116.4–116.6.[1] Rule 116.4 provides that both supporting and opposing affidavits "be made on personal knowledge". We decline plaintiff's invitation to void defendant's discretionary affidavit upon this basis.

A review of the opposing Hornbach affidavit reveals defendant's allegation that (1) plaintiff was merely an instrumentality of Interstate, (2) a false personal property statement was constructively filed by Interstate, (3) many of the books and records regarding personal property located at

[1] The quoted language also indicates that the motion for summary judgment *shall* be supported by affidavits. Although plaintiff placed the necessary affidavit in the record by filing it in support of plaintiff's motion to set aside a consent judgment, it failed to file an affidavit supporting either the original or revised motion for summary judgment. Plaintiff's technical noncompliance with this mandate in the present case casts doubt upon its credibility in challenging the sufficiency of defendant's opposing affidavit.

plaintiff's stores were kept not by plaintiff but by agents and employees of Interstate, and (4) the willful, intentional, or negligent falsification of the sworn property statement filed by Interstate precluded the Lansing assessor from making a proper initial assessment of plaintiff's property in Lansing. This affidavit by defendant's attorney did not offer these facts as within his personal knowledge but rather stated that competent admissible evidence would be offered to establish the described facts. Is plaintiff entitled to summary judgment because defendant's opposing affidavit was based upon a personal offer of proof rather than facts based upon personal knowledge?

An acceptance of plaintiff's contention predicated upon defendant's technical noncompliance would subvert the underlying purpose of the court rules. Both the nature of the opposing affidavit and scope of the decisional basis of the motion preclude the harsh penalty plaintiff seeks. Unlike supporting affidavits, opposing affidavits are not required. This is not to say that submitted affidavits are not subject to the strictures of Rules 116.4–116.6. However, noncompliance is not as devastating as plaintiff would wish since the opposing party's burden may be satisfied by alternative grounds. The opposing party's burden has been summarized as follows:

"Although the Rule does not require opposing affidavits, it is the obligation of the opposing party to make a showing by opposing affidavits, testimony, depositions, admissions or documentary evidence on file that a genuine issue of disputed fact does exist as to the questioned element of the claim or defense. *Durant v Stahlin,* 1965, 375 Mich 628; 135 NW2d 392. In several cases, this burden has not been met, and summary judgment has been entered. *Durant v Stahlin, supra; Zimmerman v Stahlin,* 1964, 374 Mich 93; 130 NW2d

915; *People for Use and Benefit of [sic, ex rel] F Yeager Bridge & Culvert Co v Cooke Contracting Co,* 1964, 372 Mich 563; 127 NW2d 308; and *Podvin v St Joseph Hospital,* 1963, 369 Mich 65; 119 NW2d 108." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) (1972 pocket part), p 83.

This described burden recognizes that the decisional basis for granting or denying a motion for summary judgment extends beyond a consideration of the submitted affidavits. Rule 117.3 in pertinent part provides:

"Such affidavits, *together with the pleadings, depositions, admissions, and documentary evidence* then filed in the action or submitted by the parties shall be considered by the court at the hearing." (Emphasis added.)

In this context, we find that the submitted affidavits satisfied the spirit and purpose of the court rules. A review of the entire record supports a conclusion that defendant successfully presented a genuine issue as to a material fact requiring resolution by the trial judge.

Plaintiff argues that it is entitled to a summary judgment upon the merits since this Court's prior decision of *Topps of Warren, Inc v City of Warren, supra,* constitutes controlling authority disposing of the same issue defendant seeks to raise in its opposition to summary judgment. The *Topps* Court found that the failure of the assessor of the City of Warren to file a petition with the tax commission requesting a revaluation of plaintiff's property within the statutory period denied the commission jurisdiction to effect such revaluation. This finding was based upon the conclusion that the petition of an assessor from one district did not establish jurisdiction in the commission to review the prop-

erty statements of taxpayers in other districts. The statutory language expressly limited application to "the person submitting" the challenged property statement. The *Topps* Court concluded:

"Since Topps-Stillman, Inc., and Topps of Warren are *distinct corporate entities* and hence different 'persons,' the petition of the *Oak Park assessor* could not extend the commission's jurisdiction to Topps of Warren." p 63. (First emphasis added.)

Thus, the *Topps* Court considered the identity of the various Topps subsidiaries, finding that they were distinct corporate entities and different persons within the meaning of the applicable statute. Although the merits of this conclusion were challenged by Judge QUINN in his dissenting opinion, this conclusion constitutes the precise issue raised by defendant.

Defendant argues that it has a right to present and develop the facts, albeit upon the same issue, during its day in court. The fundamental policy of providing every party with a day in court underlies our inquiry for a legal theory binding the instant parties to the *Topps* decision. The pre-emptive value of the *Topps* decision could be arguably based upon one of four legal theories: (1) res judicata, (2) collateral estoppel, (3) law of the case, and (4) stare decisis. Since these theories are often used indiscriminately and without clarification, we find it necessary to describe the operative effect of each.

Res judicata and its corollary of collateral estoppel have been adequately described by our courts. In *Mango v Plymouth Twp Board of Trustees,* 33 Mich App 715 (1971), this Court defined res judicata as the doctrine which bars a subsequent action between the same parties when the facts or

evidence essential to the maintenance of the two actions are identical. "The doctrine of *res judicata* applies only when the issues and parties or their privies in the prior litigation are identical." *Sheridan Drive Association v Woodlawn Backproperty Owners Association,* 29 Mich App 64, 68 (1970). In *People ex rel Director of Conservation v Babcock,* 38 Mich App 336, 346 (1972), the Court adopted this definition of res judicata and described collateral estoppel as follows:

> "When the subsequent action is based on a new cause of action, the prior litigation is conclusive only as to issues actually litigated. This is the doctrine of collateral estoppel. *Jones v Chambers* (1958), 353 Mich 674; *Jacobson v Miller* (1879), 41 Mich 90."

In sum, res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit. Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action. These two principles fulfill the judicial policy of providing the parties with a *final* decision upon litigated questions.

The next principle, labeled law of the case, is a hybrid which lies within a twilight zone between res judicata and stare decisis. The confusion regarding the precise nature of this creature flows from the fact that it reflects elements of each theory. A meager understanding of this principle may be gleaned from decisions in which disposition was based upon it. The law of the case may be viewed as shorthand for the holding of a prior decision between the same parties which is applied by a lower court upon remand or an appellate court upon subsequent review. The operative effect

of this principle is based upon the submission of the same or similar evidence upon the second trial or appeal. *White v Campbell,* 25 Mich 463 (1872); *Wenzel v Kieruj,* 184 Mich 284 (1915); *Mitchell v Reolds Farms Co,* 261 Mich 615 (1933); *Leland v Ford,* 252 Mich 547 (1930); *Watkins v Gabriel Steel Co,* 268 Mich 264 (1934); *Palazzolo v Sackett,* 254 Mich 289 (1931).

The confusion is merely compounded when courts refer to res judicata and law of the case in the same breath. Professor Moore, in his manual on federal practice, ably describes the law of the case within the context of the competing principles by stating:

"When, therefore, a federal court enunciates a rule of law to be applied in the case at bar it not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but, as a general proposition, it establishes the law, which other courts owing obedience to it *must,* and which it itself will, normally *apply to the same issues in subsequent proceedings in that case.* Thus, it has been said that the doctrine of the law of the case is the 'twin brother' of stare decisis, although the two should not be confused. Normally the 'law of the case' may not be properly invoked where the case is not the same; or where, although the case is the same, the matter now presented was not previously determined." 1B Moore's Federal Practice (2d ed), ¶ 0.404[1], pp 402–404. (Second emphasis added.)[2]

---

[2] In footnote 12, Moore cites the following description of the distinctions between the several legal principles:

"See Lummus, The 'Law of the Case' in Massachusetts (1929) 9 Boston UL Rev 225 ('The doctrine called the "law of the case" lies half way between *stare decisis* and *res judicata.* It is stronger than *stare decisis,* for while *stare decisis* bids the courts follow the precedents after considering them * * * , the law of the case dispenses with the need of considering again what has been previously decided in the same suit. But it is weaker than *res judicata,* for it is without force beyond the particular case and does not limit the power of the court.') * * * ." 1B Moore's Federal Practice (2d ed), ¶ 0.404[1], p 403.

We conclude that law of the case offers the same parties a measure of certainty by according finality to the litigated issues until the cause of action is fully litigated, including retrials or appeals, and the superseding doctrines of res judicata and collateral estoppel become effective.

The final principle of stare decisis is the rubric of the legal profession and presents little difficulty. This rule requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties. The identity of the questions presented is determined by a review of the facts and issues. Unless the facts are essentially different, stare decisis will apply to provide the necessary uniformity, predictability, and stability of the legal process. *Breckon v Franklin Fuel Co,* 383 Mich 251 (1970).[3]

Applying these principles to the present case, we find only the doctrine of stare decisis controlling. Since defendant was not a party to the *Topps* case, the lower court was not presented with the same parties and the doctrines of res judicata, collateral estoppel, and law of the case were not applicable. Should stare decisis bar defendant from proceeding to trial? We think not. The Court in *Breckon v Franklin Fuel Co, supra,* found stare decisis inapplicable when confronted with "essentially different facts". This presupposes the existence of a party's right to present the facts which he believes are different from the first case. The underlying policy consideration that every party be guaranteed a day in court supports this conclusion. The taxpayers of the City of Lansing should not be forced to otherwise bear an unjust tax burden without being afforded the opportunity to establish

---

[3] *Accord, Parker v Port Huron Hospital,* 361 Mich 1 (1960).

plaintiff's allegedly increased tax liability. This panel is not bound by the decision of a previous panel. *Warren v Parole Board,* 23 Mich App 754 (1970). Nor does stare decisis preclude reversal of prior law no longer considered viable. *Parker v Port Huron Hospital,* 361 Mich 1, 10 (1960); *Halfacre v Paragon Bridge & Steel Co,* 368 Mich 366, 376–377 (1962); *Womack v Buchhorn,* 384 Mich 718, 725–726 (1971); *Plumley v Klein,* 388 Mich 1 (1972). Likewise, these principles become meaningless if a party is denied the opportunity to develop the merits of its case in the trial court, a necessary prerequisite to our reconsideration of the issue.

We need not consider the merits of the substantive issue regarding the identity of the parties or the controlling effect of the *Topps* decision at this premature date. The substantive issue can only be considered on appeal after a complete factual record has been established. We find that the trial judge erred by denying defendant its opportunity to be heard. Accordingly, the summary judgment entered below is vacated and the case remanded for trial.

Reversed and remanded. Costs to defendant.

All concurred.