CANTWELL v CITY OF SOUTHFIELD

Docket No. 45809. Submitted December 6, 1979, at Lansing.—Decided February 6, 1980.

John E. Cantwell and other officers of the Southfield Police Department brought an action against the City of Southfield and its firemen and policemen civil service commission requesting that the defendants be enjoined from certifying the results of a promotional examination and requesting the court to order the examination vacated, redesigned and rescheduled. The plaintiffs contended that the commission was illegally constituted at the time of the examination because the term of one of the members of the commission had expired but that member had continued to act as a commissioner because a replacement had not been appointed. The Oakland Circuit Court, James S. Thorburn, J., found that the commission was not properly constituted, ordered the appointment of a new commissioner within ten days, and ordered the examination to be regraded or a new examination given. Defendants appeal. *Held:*

The commission was not illegally constituted at the time in question. The statute governing the creation of a firemen and policemen civil service commission provides that any commissioner shall serve a term of years and until his successor is appointed and qualified by the appointing authority.

Reversed and remanded.

MUNICIPAL CORPORATIONS — OFFICERS — CIVIL SERVICE COMMISSION — STATUTES.

Officers holding over in their positions after their terms have expired or their authority vacated are still de facto officers and their acts as such are legal; a municipal policemen and firemen civil service commission was validly constituted during a period of time when the term of one of the three members had expired but a successor had not been appointed and the member in

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 241.

63 Am Jur 2d, Public Officers and Employees §§ 157 *et seq.,* 493, *et seq.*

question continued to act as a commissioner (MCL 38.502; MSA 5.3352).

*Leib & Leib,* for plaintiffs.

*Sigmund A. Beras,* City Attorney, and *Robert J. Dotson,* Assistant City Attorney, for defendants.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

DANHOF, C.J. A number of officers of the Southfield Police Department filed a complaint for superintending control after taking an examination for promotion to police sergeant. The complaint alleged, *inter alia,* that the Southfield Civil Service Commission was illegally constituted at the time the test was given and graded. It petitioned the Oakland County Circuit Court to enjoin defendants from certifying the results of the examination and to order the exam to be vacated, redesigned, and rescheduled. Defendants appeal as of right from the trial court's finding that the Southfield Civil Service Commission was not a properly constituted commission when the test was given; the court's order that the two commissioners select a third commissioner within ten days or the court would do so; and the court's order that they regrade the examination, considering any appeals therefrom, or give a new exam. This Court granted defendants a stay of proceedings on August 14, 1979.

The examination was approved by Southfield Civil Service Commissioners John Sklar, Sidney Lantz, and Peter Borovich on April 4, 1978, and administered on May 15, 1978. The results were posted on May 22, 1978 (apparently only 13 of 58 applicants initially achieved a passing score of 70% or higher, adequate study material was not

easily available, and no alternative examinations had been considered by the commission. Thus, the examination prompted many complaints from testees). Subsequently, 12 appeals were filed by candidates. When the commission received the appeal returns from the testing agency, it was discovered that a page from the list of source materials given applicants before the test had been omitted. The commission then hired an independent consulting firm to review the appeals and the testing agency's answers. After receiving the consulting firm's report, the commission made significant scoring adjustments. Thereafter, all plaintiffs except Peter Ponzetti passed. In early April 1979, the commission was prepared to certify the results. However, on April 4, 1979, plaintiffs obtained an *ex parte* preliminary injunction enjoining defendants from certifying the examination results. Plaintiffs filed their complaint for superintending control the next day.

Plaintiffs' challenge to the examination and its grading centers upon the status of commissioner Peter Borovich: his term as commissioner expired on April 28, 1978, however, he continued to act as a commissioner throughout the testing and grading process because the other two commissioners could not agree on a replacement.

Plaintiffs argue, and the trial court agreed, that the commissioners' actions regarding the administration and grading of the examination must be held for naught because, due to the expiration of Borovich's term, the Southfield Civil Service Commission was not legally constituted.

Defendants argue that a commissioner can validly serve beyond the expiration of his regular term, until such time as a successor is appointed and qualified.

Resolution of this question depends upon our interpretation of MCL 38.502; MSA 5.3352. It provides, in relevant part:

"The civil service commission shall consist of 3 members, 1 of whom shall be appointed by the principal elected officer of the city, village or municipality with the approval of the legislative body; and he shall serve for a period of 6 years from the date of his appointment. The second member of the commission shall be selected by the paid members of the fire and/or police department and he shall serve for a period of 4 years from the date of his appointment; a majority vote of the members of the fire and/or police department shall be necessary to select such member. The third member of the commission shall be selected by the aforesaid members of the commission and he shall serve for a period of 2 years from the date of his appointment. Thereafter all appointments shall be made for a period of 6 years each; *each commissioner to serve until his successor is appointed and qualified by the appointing power hereinbefore designated.*" (Emphasis added.)

The emphasized directive of the Legislature that each commissioner shall serve until his successor is appointed and qualified must be understood in the light of the potential for an impasse in the selection process. The local legislative body may decline to approve the principal officer's appointment, no single candidate may attract the support of the majority of the members of the police and fire departments, or the two members of the commission may fail to agree on the third member. Any such impasse could impair the functioning of a civil service commission.

We hold that the Legislature intended a commissioner to continue to serve, even though his regular term was expired, until such time as a successor is appointed and qualified. Therefore, the Southfield Civil Service Commission was validly

constituted during the testing procedures, even though a successor for Borovich was not appointed until over a year after his term expired. Our conclusion is supported by contrasting the above section with MCL 38.504; MSA 5.3354. The latter section provides that a new commissioner shall be appointed within ten days where a commissioner ceases to be a member by virtue of death, removal, or other cause. In the situations covered by § 4, the incumbent is no longer available for service, thus, the Legislature provided a time limit for the successor's appointment. On the other hand, a commissioner whose term has expired remains available for service. As a result, the Legislature provided that such a commissioner could serve until the appointing body reaches agreement. The fact that the Legislature expressly provided a time limit in § 4 yet did not in § 2 shows that the Legislature considered, and rejected, time limitations for appointments in § 2.

This is consistent with the long standing rule that "officers holding over after their term has expired or their authority vacated still are *de facto* officers, and their acts as such are legal". *Case v Liquor Control Comm,* 314 Mich 632, 642; 23 NW2d 109 (1946). See also, *Greyhound Corp v Public Service Comm,* 360 Mich 578, 589; 104 NW2d 395 (1960).

We hold that the trial court erred when it found that the Southfield Civil Service Commission was not legally constituted during the period in which the examination was administered and graded. Therefore, we reverse the trial court's judgment and remand for proceedings not inconsistent with this opinion.

Reversed and remanded. No costs, a public question involved.