CANTWELL v CITY OF SOUTHFIELD (AFTER REMAND)

Docket No. 51896. Submitted February 5, 1981, at Lansing.—Decided April 10, 1981.

John E. Cantwell, Peter Ponzetti, Jr., and Robert A. Turner, Southfield police officers, brought suit in Oakland Circuit Court against the City of Southfield and its firemen and policemen civil service commission, challenging the validity of a police sergeant's examination which the commission had administered. The exam was challenged on the grounds that 1) the commission had failed to prescribe required rules and regulations, 2) the examination did not meet the requirements of a valid test, and 3) during the testing and appeals process, the commission was not validly constituted because one of the three commissioners was serving after his term on the commission had expired. The trial court found the test to be lawful but granted judgment in favor of plaintiffs·on the grounds that the commission was not legally constituted during the testing and appeals process, James S. Thorburn, J. The court ordered that a new commissioner be appointed and that the newly constituted commission then either regrade the examinations and consider appeals or order a new examination. The Court of Appeals reversed the decision on the basis that the commission was in fact legally constituted at all relevant times and remanded the case for further proceedings, 95 Mich App 370 (1980). On remand, the trial court heard argument based on evidence previously received and again granted judgment to plaintiffs, this time on the basis that the examination did not meet the requirements of a valid examination. Defendants appeal, contending that the trial court was barred from holding that the test was not valid. *Held:*

The trial court determined in its first judgment that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 746.

[2] 46 Am Jur 2d, Judgments § 457.

Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. 91 ALR3d 1170.

Modern status of doctrine of res judicata in criminal cases. 9 ALR3d 203.

examination itself was valid. The doctrine of res judicata bound the trial court to that portion of its first judgment and barred plaintiffs from rearguing the question on remand.

Reversed and remanded for entry of an order dismissing plaintiffs' complaint and directing defendants to certify the results of the examination.

1. APPEAL — LAW OF THE CASE — APPLICABILITY OF DOCTRINE.
   The doctrine of law of the case generally applies only to decisions rendered by appellate courts.

2. JUDGMENTS — RES JUDICATA — COLLATERAL ESTOPPEL — FINAL DECISIONS.
   The doctrines of res judicata and collateral estoppel apply only to final decisions; a decision is final when all appeals have been exhausted or when the time for taking an appeal has passed.

*Leib & Leib,* for plaintiffs.

*Sigmund A. Beras,* Southfield City Attorney, and *Robert J. Dotson,* Assistant City Attorney, for defendants on appeal.

AFTER REMAND

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Defendants appeal by right the judgment of the trial court which held that the police sergeant's examination held May 15, 1978, was invalid and which ordered defendants to prepare and offer a new police sergeant's examination.

On April 4, 1978, defendant civil service commission approved and scheduled an examination to determine eligibility for promotion to the rank of police sergeant. After one postponement, the examination was held on May 15, 1978. Very few of the candidates taking the exam achieved a passing score, and several appeals were filed with the

commission. In response to complaints regarding the availability of study materials and the validity of several of the questions, the commission sought the advice of an outside consultant. After receiving the consultant's advice, the commission made significant scoring adjustments which resulted in several more candidates achieving passing scores. Before the commission could certify the results of the examination, however, plaintiffs brought suit challenging the exam on the basis that (1) the commission had failed to prescribe required rules and regulations, (2) that the examination did not meet the requirements of a valid test, and (3) that during the testing and appeals process the commission was not validly constituted. This last claim was based on the fact that the term of one of the three members of the commission had expired between the date that the test was approved and scheduled and the date that the test was given. Despite the fact that his term had expired, this commissioner continued to serve during the testing and appeals process, apparently because the remaining commissioners could not agree on a replacement.

The trial court found that the test itself was lawful but granted judgment in favor of plaintiffs on the grounds that the commission was not legally constituted during the testing and appeals process. The trial court ordered the remaining two commissioners to appoint a third member and then to either regrade the examination and consider appeals or to order a new examination. Defendants appealed and this Court reversed on the basis that the commission was in fact legally constituted at all relevant times. *Cantwell v City of Southfield*, 95 Mich App 375; 290 NW2d 151 (1980). The cause was then remanded for further "proceedings not inconsistent with this opinion".

*Id.,* 379. On remand, the trial court heard argument based on evidence previously received and again granted judgment to plaintiffs, this time on the basis that the examination did not meet the requirements of a valid examination.[1] Defendants have again appealed.

On appeal, defendants principally contend that the trial court was barred from holding that the test itself was invalid because it had previously ruled that the test was valid. When this matter was first before the trial court the trial court held:

"The Court makes this as a finding of fact and as a matter of law, that on April 4, 1978 a de jure Commission lawfully passed on and selected someone to administer the test, the International Service. They contracted with them. *The test was furnished. The test in the opinion of this Court—I am not passing on whether it was poor, good or excellent, but it was a lawful test."* (Emphasis added.)

While this language could be considered ambiguous, the trial court's final holding leaves no doubt that it was of the opinion that the examination given on May 15, 1978, was itself a lawful test:

"There being no further de factor or de jure Commission, the grading of the examinations and selection of the winners has not been done. The Court therefore is going to order the two lawfully constituted Commissioners to do their duty and select the third. *Then proceed to do everything that is required under the law in grading those papers in the examination and selecting the winners.* If they fail to do so in 10 days from date hereof the Court will appoint the third Commissioner." (Emphasis added.)

---

[1] At this stage of the proceedings the trial court also held that the examination was not invalid for lack of required rules and regulations.

Likewise, the trial court's first judgment provided:

"It Is Further Ordered And Adjudged that the said Civil Service Commission for the Southfield Fire and Police Department, once properly constituted pursuant to this Order and the statutes in such case made and provided, *proceed to either regrade the Police Sergeant's Examination given on May 15, 1978, and consider any appeals therefrom,* or alternatively, to order the giving of a new Police Sergeant's Examination." (Emphasis added.)

Certainly there was little to be accomplished in allowing a properly constituted commission the opportunity to regrade the examination already given if in fact the substance of that examination was invalid. Accordingly, the trial court necessarily determined in its first judgment that the examination itself was valid.

Our next task then is to determine what effect, if any, this prior determination had on the trial court's authority to rule differently on remand. Several possibilities were discussed in *Topps-Toeller, Inc v City of Lansing,* 47 Mich App 720; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973). While the law of the case doctrine appears attractive because the judgment in the instant case was not yet completely final, that doctrine generally applies to decisions rendered by *appellate* courts. *CAF Investment Co v Saginaw Twp,* 410 Mich 428; 302 NW2d 164 (1981), *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975), *lv den* 395 Mich 793 (1975). Instead, we believe that the doctrine of res judicata bound the trial court to that portion of its first judgment which held that the examination itself was valid. While res judicata (and its corollary, collateral estoppel) applies only to final decisions, a decision is final

when all appeals have been exhausted or when the time for taking an appeal has passed. See *Gursten v Kenney,* 375 Mich 330, 333-334; 134 NW2d 764 (1965). In the instant case, defendants originally appealed the trial court's judgment holding that the commission was not properly constituted. Plaintiffs did not, however, cross-appeal that portion of the trial court's first judgment which held that the examination was valid. Accordingly, that portion of the first judgment is res judicata, and plaintiffs were barred from rearguing the question on remand. *Meyering v Russell,* 85 Mich App 547, 555-559; 272 NW2d 131 (1978), *lv den* 406 Mich 866 (1979) (GILLIS, J., concurring in part and dissenting in part).[2] *Cf. Kujawski v Cohen,* 83 Mich App 239; 268 NW2d 358 (1978) (effect of failure to cross-appeal in multiple-defendant setting).

We reverse the judgment of the trial court and remand for entry of an order dismissing plaintiffs' complaint and directing defendants to certify the results of the May 15, 1978, police sergeant's examination.

Reversed and remanded.

---

[2] Although the majority in *Meyering* held res judicata inapplicable, the holding was largely based on the fact that the trial court had not ruled on the issue in question in its first judgment. The instant case is distinguishable in that the trial court necessarily ruled on the question of the examination's validity in the first judgment.