## CITY OF WYANDOTTE *v.* STATE BOARD OF TAX ADMINISTRATION.

1. STATUTES—ADMINISTRATIVE CONSTRUCTION.

   Construction of statute by administrative tribunal charged with enforcement is entitled to consideration but such interpretation is not binding upon judicial tribunals.

2. TAXATION—CONSTRUCTION OF STATUTES.

   Proceedings under tax laws must be closely scrutinized and strictly construed.

3. SAME—TAX EXACTIONS REST UPON LEGISLATIVE ENACTMENT.

   Tax ·exactions, property or excise, must rest upon legislative enactment, and collecting officers may only act within express authority conferred by laws and must be able to point to such express authority when it is questioned in court.

4. STATUTES—SCOPE OF TAX LAWS NOT EXTENDED BY IMPLICATION.

   The scope of tax laws may not be extended by implication or forced construction.

5. SAME—DUBIOUS LANGUAGE NOT RESOLVED AGAINST THE TAX-PAYER.

   The language of tax laws may be made plain, and if it is dubious it is not resolved against the taxpayer.

6. TAXATION—SALES TAX—MUNICIPAL CORPORATIONS—EXEMPTIONS —PRESUMPTIONS.

While exemptions from taxation are, as a general proposition, to be strictly construed, in construing the general sales tax act with respect to sales of gas and electricity by municipally owned and operated utilities, the question is not a matter of exemption but whether such objects or subjects are included within the purview of the act when strictly construed, there being no inference or presumption of legislative intent to include other than the persons or objects described (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

7. SAME—SALES TAX—PERSONS—MUNICIPAL CORPORATIONS.

The term "person," defined in sales tax law as including any corporation, *held*, not to include municipal corporations (1 Comp. Laws 1929, § 76; Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

8. SAME—FEDERAL, STATE OR MUNICIPALLY OWNED PROPERTY.

Property owned by the United States, by a State or by a municipality for public uses, is not subject to be taxed unless it is so provided by positive legislation.

9. SAME—SALES TAX—NATURE.

The general sales tax is a privilege tax imposed upon the privilege of making retail sales and is measured by the gross proceeds of such sales (Act No. 167, Pub. Acts 1933).

10. SAME—MUNICIPAL CORPORATIONS—PUBLIC UTILITIES—SALES TAX —EXEMPTIONS.

Municipally owned and operated utilities, authorized by the Constitution, are public properties not subject to property taxes, and, no positive language appearing in the sales tax act imposing such privilege tax upon municipalities, such exemption of municipalities from general taxation carries over (Const. 1908, art. 8, § 23; Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

11. SAME—ENFORCEMENT OF SALES TAX ACT—ALTERNATIVE REMEDIES—MUNICIPAL CORPORATIONS.

Sales tax act which provides for collection of tax from taxpayer by levy and sale of latter's property as well as by actions at law to collect and recover amount of taxes, interest and/or penalties due from taxpayer and does not exempt municipal corporations from either alternative remedy indicates legis-

lature did not consider municipal corporations subject to act, remedy by levy and sale concededly being inapplicable to municipal corporations (Act No. 167, § 12 [a, b], Pub. Acts 1933).

12. SAME—ADMINISTRATIVE CONSTRUCTION OF SALES TAX ACT—AMENDMENT—LEGISLATIVE INTENT.

That legislature was satisfied with interpretation of sales tax act as inapplicable to sales of electricity and gas by municipally owned and operated public utilities *held*, evidenced by clarifying amendment which failed to impose specifically a tax upon such utilities and which must have been enacted in the light of then existing executive interpretation of original act (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

13. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL QUESTIONS.

Construction of sales tax act, holding that such act is not applicable to the sale of gas and electricity by municipalities from municipally owned and operated utilities because such ''persons'' and ''sales at retail'' are not included within the terms of the act, renders it unnecessary to consider constitutional questions raised by plaintiff municipal corporations (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

14. COSTS—PUBLIC MATTER—MUNICIPAL CORPORATIONS—SALES TAX ACT.

In suit by municipal corporations against State board of tax administration for declaration of rights with respect to taxation of sales of gas and electricity from municipally owned and operated utilities, no costs are awarded, a public matter being involved (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935).

Appeal from Ingham; Carr (Leland W.), J.   Submitted October 20, 1936.   (Docket No. 80, Calendar No. 39,102.)   Decided December 8, 1936.

Bill by Cities of Wyandotte and Lansing and village of Lowell, municipal corporations, against State Board of Tax Administration of the State of Michigan and others, for declaration of rights as to

the taxing of sales of municipally owned utilities under Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935. Decree for plaintiffs. Defendants appeal. Affirmed.

*W. Hugh Williams,* for plaintiff City of Wyandotte.

*Joseph W. Planck,* for plaintiff City of Lansing.

*Linsey, Shivel & Phelps,* for plaintiff village of Lowell.

*David H. Crowley,* Attorney General, *Gaylord N. Bebout* and *Arthur T. Iverson,* Assistants Attorney General, for defendants.

Bushnell, J. This is an appeal from a declaratory decree which determined that Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935, the "general sales tax act," is not applicable to the sale of gas and electricity by municipalities from municipally owned and operated utilities.

The title of the cause is sufficient to identify the parties. The city of Lansing and the village of Lowell own and operate electric plants within their respective boundaries; the city of Wyandotte owns and operates a gas and an electric plant.

While defendant board's interpretation of the act is entitled to consideration, that interpretation is not binding upon judicial tribunals. *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282, 296 (98 A. L. R. 827).

Notwithstanding this well-recognized rule of law, it is of more than passing interest to note that following the enactment of the general sales tax act, defendant board adopted a resolution on July 20, 1933, which declared water, gas, and electricity to be non-taxable under this act if sold by municipal public utilities.

Over two years later, on September 15, 1935, the board reversed its declared position and held such sales to be taxable under the act.

We have held that proceedings under tax laws must be closely scrutinized and strictly construed. *McVannel* v. *Pure Oil Co.,* 262 Mich. 518, 522.

"Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law. Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court. The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer." *In re Dodge Brothers,* 241 Mich. 665, 669.

This rule is cited with approvel in *Michigan Trust Co.* v. *City of Grand Rapids,* 262 Mich. 547 (89 A. L. R. 840); *J. B. Simpson, Inc.* v. *O'Hara,* 277 Mich. 55, and *Montgomery Ward & Co. Inc.,* v. *Fry,* 277 Mich. 260, the last two being sales tax cases.

The trial judge said:

"Counsel for defendants point out that exemptions from taxation are, as a general proposition, to be strictly construed. There is no question, of course, as to this rule of interpretation of legislative enactments. It has, however, no application to the case at bar. The question here is not whether municipalities are exempted from the application of the sales tax law because of specific provisions therein, after having been included by the use of general terms. Rather the query is whether there is any inclusion of municipalities. When a subject or object to which a tax may be applied is once included within the purview of a legislative measure the presumption is that it is not to be removed unless an intention to grant an exemption is clearly

indicated.    However, in determining what objects or subjects are so included the rule of strict interpretation must be observed, there being no inference or presumption that the legislative body intended to include other than the persons or objects described.''

In an inheritance tax matter, we said:

''It is also recognized as a general rule, supported by abundant authority, that the provisions of statutes of this nature, imposing a special tax, are not to be extended by implication beyond the clear import of the words used, since it is the duty of the taxing power to express the intent to impose such special burden in clear and unambiguous language (*Eidman* v. *Martinez,* 184 U. S. 578 [22 Sup. Ct. 515]; *English* v. *Crenshaw,* 120 Tenn. 531 [110 S. W. 210, 17 L. R. A. (N. S.) 753, 127 Am. St. Rep. 1025]; 37 Cyc. p. 1556).'' *People, ex rel. Attorney General,* v. *Welch's Estate,* 235 Mich. 555, 564.

Appellant argues that plaintiffs are included because the act says ''the term 'person' includes any * * * corporation'' and because 1 Comp. Laws 1929, § 76, reads:

''In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say: * * *

''(12) The word 'person' may extend and be applied to bodies politic and corporate, as well as to individuals.''

See authorities therein annotated, none of which apply the word ''person'' to municipalities in the manner urged by appellant.

The act, (Act No. 167, Pub. Acts 1933, as amended by Act No. 77, Pub. Acts 1935) after defining the retail sales included, says, section 1 (b. 2):

"The term 'sale at retail' includes sales of electricity for light, heat and power and sale of natural and artificial gas when made to the consumer or user for consumption or use rather than for resale."

The tax is not imposed upon the consumer, but upon those "engaged in the business of making sales at retail as hereinbefore defined," etc. (Section 2).

The word "municipality" does not appear in the act nor does the language of the act indicate that the legislature had municipally owned and operated utilities in mind when the law was enacted. On the contrary, it would appear from some of the provisions of the act that it can hardly be supposed that it was considered that self-governing municipalities were within its purview. A registration fee of $1 per year as a privilege tax is imposed on those conducting "such business" and a license is issued therefor. (Section 3.)

We denied the right of the city of Detroit to tax property owned by the State whether or not used for governmental purposes, quoting 4 Dillon on Municipal Corporations (5th Ed.), § 1396.

"The sound principle is that property owned by the United States, by a State or by a municipality for public uses, is not subject to be taxed unless so provided by positive legislation." *People, ex rel. Auditor General,* v. *Ingalls,* 238 Mich. 423.

"The general sales tax is a privilege tax imposed upon the privilege of making retail sales, measured

by the gross proceeds of such sales." *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich. 659, 686.

The power of municipalities to own and operate public utilities is found in the Constitution of 1908, art. 8, § 23, which reads:

"Subject to the provisions of this Constitution, any city or village may acquire, own and operate, either within or without its corporate limits, public utilities for supplying water, light, heat, power and transportation to the municipality and the inhabitants thereof; and may also sell and deliver water, heat, power and light without its corporate limits to an amount not to exceed twenty-five per cent. of that furnished by it within the corporate limits; and may operate transportation lines without the municipality within such limits as may be prescribed by law; Provided, That the right to own or operate transportation facilities shall not extend to any city or village of less than twenty-five thousand inhabitants."

That municipally owned and operated utilities are public properties was clearly established in *City of Traverse City* v. *Township of Blair,* 190 Mich. 313 (Ann. Cas. 1918E, 81) and we denied the right of the township to tax such property. We recently cited this case as controlling in *Township of Geneva* v. *City of South Haven,* 261 Mich. 492, where a township sought to recover taxes assessed against the power lines of a city.

The well-established rule of exemption of municipal property from general taxation should carry over to the sales tax; especially is this true when we do not find any positive language in the sales tax act imposing this privilege tax upon municipalities.

The general sales tax act provides (section 12 [a]) that the collection of the tax may be enforced

by levy and sale of "property of the taxpayer used in connection with the business for the privilege of doing which the tax is levied." The act also provides (section 12 [b]) for actions at law "to collect and recover the amount of taxes, interest and/or penalties due from any taxpayer."

The trial judge said in his opinion:

"Counsel for defendants concede that such remedy is not adapted for use against a municipality, but the fact remains that the legislature has in terms indicated its application, or possible application, in all cases where any taxpayer, subject to the provisions of the act, fails to meet the burden imposed on him, or on it. If municipalities are in fact subject to the payment of the tax on sales of gas or electricity made by them then this remedy in terms applies to the collection. The fact that another remedy by way of suit is also provided for, and would quite probably be adopted, does not change the situation in so far as the interpretation of the act is concerned. It is scarcely conceivable that, had the legislature considered that this act was applicable to municipalities it would have provided the first named remedy for enforcement of the collection of the tax without exempting municipalities from the application of such remedy."

The lower court said earlier in its opinion:

"As above pointed out the defendant board, following the enactment of the statute of 1933, took the position that sales of gas and electricity by municipalities were not subject to the tax. This interpretation was followed for over two years, until the month of September, 1935. In the meantime the legislature at the regular session of 1935 passed certain amendments to the act. Section 1 was amended by Act No. 77, Pub. Acts 1935, but no change in the definition of the term 'person' was made. Specific inclusion of municipal corporations

was not declared. Obviously the legislature was satisfied with the interpretation of the act that the board was then observing in so far as municipalities were concerned. This is particularly significant in view of the fact that the obvious purpose of the amendments made in 1935 was to clarify the statute and to alter it in certain particulars because of the manner in which it has been interpreted by the defendant board and by the courts. Act No. 77 was given immediate effect, and therefore was in force in September, 1935, when the defendant board undertook to change its prior ruling. In consequence we are concerned in the instant case with section 1 of the sales tax act as amended at the session of 1935. The conclusion would seem to be unavoidable that the legislature enacted the amended section in the light of the executive interpretation placed on the original act.''

An examination of the provisions of the general sales tax act requires the conclusion that it is not applicable to the sale of gas and electricity by municipalities from municipally owned and operated utilities because such ''persons'' and ''sales at retail'' are not included within the general or specific terms of the act.

We are therefore in accord with the conclusions reached by the trial judge, who said:

''The legislature did not intend that municipalities should be subject to the payment of the specific tax under the act in question. Such conclusion renders it unnecessary to consider the constitutional questions raised and urged on behalf of the plaintiffs.''

The decree is affirmed, but without costs, this being a public matter.

North, C. J., and Fead, Wiest and Butzel, JJ., concurred. Sharpe, Potter and Toy, JJ., did not sit.