## CITY OF ANN ARBOR v STATE TAX COMMISSION

OPINION OF THE COURT

1. TAXATION—ADMINISTRATIVE LAW—STATE TAX COMMISSION—PROCE-
   DURE—HEARINGS—FACTUAL QUESTIONS—STATUTES.

   Fairness and a reasonable construction of the statute requires
   that the State Tax Commission make its factual decision after
   it has provided the parties with an opportunity to fully develop
   their position at a hearing where it is necessary for the com-
   mission to consider and resolve factual questions before it can
   reach a final legal conclusion (MCLA 211.154).

DISSENTING OPINION

T. G. KAVANAGH, J.

2. TAXATION—HEARING—ASSESSMENT ROLLS—STATE TAX COMMISSION
   —STATUTES.

   *The holding of a hearing to provide the parties with an opportu-
   nity fully to develop their positions, on whether certain prop-
   erty should be added to the assessment rolls for the purpose of
   imposing a tax for previous years, before the State Tax Com-
   mission reaches its conclusion that the property is nontaxable
   is a "preferable procedure", but such a procedure is not ex-
   pressly provided by statute and it represents an impermissible
   construction of a statute to read it to do so (MCLA 211.154).*

3. STATUTES—CONSTRUCTION—TAXATION.

   *The rule of construction of tax statutes has traditionally been to
   construe them strictly to favor the taxpayer.*

Appeal from Court of Appeals, Division 2, T. M.
Burns, P. J., and McGregor and Van Valkenburg,
JJ., affirming the State Tax Commission. Submit-

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 603.
[2] 72 Am Jur 2d, State and Local Taxation §§ 793, 800.
[3] 71 Am Jur 2d, State and Local Taxation §§ 8, 9.

ted October 9, 1974. (No. 11 October Term 1974, Docket No. 55, 199.) Decided November 4, 1974.

Petitions by the City of Ann Arbor to the Michigan State Tax Commission to have placed on its assessment roll the presently tax exempt property of the University of Michigan Union, the University of Michigan Lawyers Club, and the Board in Control of Intercollegiate Athletics. Petitions denied. Petitioner appealed to the Court of Appeals. Affirmed. Petitioner appeals. Reversed and remanded to the Tax Tribunal.

*R. Bruce Laidlaw,* Chief Assistant City Attorney, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendant Michigan State Tax Commission.

*Roderick K. Daane,* for defendants University of Michigan Union, University of Michigan Lawyers Club, and Board in Control of Intercollegiate Athletics.

PER CURIAM. On February 28, 1972, the City of Ann Arbor filed three petitions with the State Tax Commission seeking to have certain presently tax exempt property placed on its assessment roll. In these petitions the city alleged that the real and personal property "owned and occupied" by the Michigan Union, the Board in Control of Intercollegiate Athletics and the Lawyers Club is not tax-exempt property of the University of Michigan, but rather the separately owned property of these nonprofit corporations.

The State Tax Commission, acting on the advice

of its counsel, summarily denied the city's petitions on March 23, 1972. When the city was informed of the State Tax Commission action, it formally requested a hearing under MCLA 211.154; MSA 7.211 to resolve the taxable status of the property. The commission declined to hold a hearing. Instead, it directed the parties to submit briefs addressed to the issue of the taxation.

On July 26, 1972, after receiving the briefs, the commission again voted to dismiss the city's petitions. In a letter addressed to the city assessor the commission offered the following explanation:

"The Commission finds that the Michigan Union, the Lawyers' Club, and the Board of [sic] Control of Intercollegiate Athletics are corporation shells which own no property, but are custodians of property owned by the Regents of the University of Michigan.

"The records of the Register of Deeds of Washtenaw County reveal that ownership of the Michigan Union is in the Regents of the University of Michigan as well as the Lawyers' Club and the property under control of the Intercollegiate Athletics, including the Stadium, the field house and IM Building and the golf course.

"The Commission finds that it is of little import that this corporate shell mistakenly reported that they are owners of the property under their control and since the assessor and the city attorney of Ann Arbor agree that property of the University of Michigan is exempt from property taxation and since the Commission finds that the properties named above are properties of the University of Michigan, the petitions are denied."

The city appealed the commission's refusal to grant it a full hearing to the Court of Appeals. After the Court of Appeals affirmed, the city appealed to our Bench and we granted leave to appeal. 391 Mich 782 (1974). We now reverse and

remand since we find that the commission should have conducted a full hearing on the questions presented to it.

In relevant part MCLA 211.154; MSA 7.211 provides:

"If it shall be made to appear to the commission at any time that as a matter of fact any property liable to taxation has been incorrectly reported for any previous year, but not to exceed the current assessment year and 1 year immediately preceding the date of discovery and disclosure of the omission, but not prior to the effective date of the 1969 amendment to this section, the commission shall notify by registered mail the person to whom such property is assessable and give such person an opportunity to appear at a hearing before the commission, which hearing shall be held not later than 30 days from the date of notification by mail. If it appears to the commission that no reason in fact or in law exists which would justify an exemption of such property from taxation for those 2 years, it shall immediately place the total aggregate assessment value for the omitted years on the then current assessment roll in the column provided. * * * "

A reading of the commission's decision letter indicates that it was necessary for the commission to consider and resolve factual questions before it could reach its final legal conclusion that the property was correctly listed as tax exempt. In such a situation we believe that the preferable procedure, and the procedure required by fairness and a reasonable construction of the statute, is for the commission to make its factual decision after it has provided the parties with an opportunity to fully develop their positions at a hearing.

The Court of Appeals is reversed and this matter remanded to the Tax Tribunal for further proceedings in conformity with this opinion. We

offer no opinion as to the substantive issues to be resolved on remand.

No costs, a public question being involved.

T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred.

T. G. KAVANAGH, J. *(dissenting)*. My colleagues accept the argument of the City of Ann Arbor that it is entitled to a hearing before the State Tax Commission in order to present evidence and argument that certain property should be added to the assessment rolls for the purpose of imposing a tax for previous years.

The basis for their conviction is stated:

"A reading of the commission's decision letter indicates that it was necessary for the commission to consider and resolve factual questions before it could reach its final legal conclusion that the property was correctly listed as tax exempt. In such a situation we believe that the preferable procedure, and the procedure required by fairness and a reasonable construction of the statute, is for the commission to make its factual decision after it has provided the parties with an opportunity to fully develop their positions at a hearing."

I agree that the holding of a hearing to provide the parties with an opportunity fully to develop their positions before the commission reaches its conclusion that the property is nontaxable is a "preferable procedure", but such a procedure is not expressly provided in the statute and in my view it represents an impermissible construction of the statute to read it to do so.

The rule of construction of tax statutes has traditionally been to construe them strictly to favor the taxpayer. See *Wyandotte v State Board*

*of Tax Administration,* 278 Mich 47; 270 NW 211 (1936); *Standard Oil Co v Michigan,* 283 Mich 85; 276 NW 908 (1937); *Plymouth United Savings Bank v Plymouth Twp,* 289 Mich 307; 286 NW 625 (1939).

In this case, construing the statute to require the State Tax Commission to hold a hearing before rejecting the taxing officer's claim that the property is taxable favors the taxing officer, for there is no other way provided for taxing this property for the years in question apart from convincing the Tax Commission that the property was properly taxable.

The Legislature could have provided for such a hearing in order to foster taxation for previous years but it did not. It is not up to us to so provide however much we might prefer it.

I would affirm the Court of Appeals.