CITY OF DETROIT v NORMAN ALLAN & COMPANY

CITY OF DETROIT v E L RICE & COMPANY

Docket Nos. 47596, 47597. Submitted March 10, 1981, at Detroit.—
Decided June 16, 1981. Leave to appeal applied for.

The City of Detroit filed separate petitions with the Michigan Tax
Tribunal seeking increases in tax assessments for the personal
property of Norman Allan & Company and E. L. Rice & Com-
pany. The cases were consolidated for hearing before the tribu-
nal. Following a hearing, the tribunal increased the assess-
ments against the respondents. Respondents appeal. The ap-
peals were consolidated by the Court of Appeals. *Held:*

The Michigan Tax Tribunal incorrectly determined that the
petitioner proceeded under the section of the General Property
Tax Act concerning personal property incorrectly reported by a
taxpayer as being exempt from taxation and providing for
determination of tax liability for the current year and one year
immediately preceding the date of discovery and disclosure of
the omission. Petitioner, however, alleged only that the per-
sonal property of respondents was undervalued, and should
have proceeded under the section of the act concerning a
challenge of valuation statements which requires that a peti-
tion be filed on or before June 30 of the tax year. Petitioner
failed to comply with the requirements of this section.

Reversed.

1. TAXATION — TAX TRIBUNAL — APPEAL — VALUATION.

The Court of Appeals, in reviewing a valuation decision of the
Michigan Tax Tribunal, is bound by the tribunal's factual
determinations, and where no fraud is alleged it is limited to
questions of whether the tribunal committed an error of law or
adopted a wrong principle.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 692.
72 Am Jur 2d, State and Local Taxation § 787.
[2] 71 Am Jur 2d, State and Local Taxation § 327.
72 Am Jur 2d, State and Local Taxation § 707.
[3, 4] 72 Am Jur 2d, State and Local Taxation § 734.

2. TAXATION — JUDICIAL CONSTRUCTION.

> Tax statutes are strictly construed; their scope may not be extended by implication or forced construction, and where the language thereof is dubious it may not be resolved against a taxpayer.

3. TAXATION — INCREASE IN ASSESSMENT — PERSONALTY — STATUTES.

> A tax assessor may petition the Michigan Tax Tribunal to increase the assessed value of personal property inadequately and improperly reported by a taxpayer, but which is conceded to be subject to tax, where the petition is filed on or before June 30 of the tax year (MCL 211.22; MSA 7.22).

4. TAXATION — EXEMPTION — STATUTES.

> A taxpayer who reports property as not liable to taxation which property is made to appear to the Michigan Tax Tribunal to have been incorrectly reported as exempt during the current year or the year immediately preceding is entitled to a hearing before the tribunal, and where it appears that an exemption is not justified the tribunal shall place the aggregate assessment value for the omitted years on the current assessment rolls (MCL 211.154; MSA 7.211).

*George W. Crockett, Jr.,* Acting Corporation Counsel, *Sylvester Delaney,* Deputy Corporation Counsel, and *Peter W. Macuga, II,* Assistant Corporation Counsel, for petitioner.

*Jaffe, Snider, Raitt & Heuer, P.C.* (by *Brian G. Shannon),* for respondents.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

D. C. RILEY, J. This is an appeal from a final judgment of the Michigan Tax Tribunal in two property tax assessment cases. On December 9, 1975, the City of Detroit filed two petitions regarding property tax assessments against the respondents-appellants. The cases were consolidated for hearing before the Tax Tribunal and are consolidated on appeal.

The petition against Norman Allan & Co. alleged that it incorrectly reported the value of its personal property located in Detroit, and the petition requested that the assessed value for the 1975 tax year be increased from $7,010 to $87,140.

The petition against E. L. Rice & Co. raised numerous allegations. Petitioner alleged that: (1) respondent failed to file a personal property statement with the City of Detroit for the 1974 tax year; (2) the assessed value of respondent's personal property for the 1975 tax year should have been $270,420 instead of $111,260 as reported by respondent; and (3) the assessed value of respondent's personal property for the 1974 tax year was $703,880.

The Tax Tribunal held a hearing on May 7, 1979, and rendered an opinion and judgment on September 17, 1979. The tribunal increased the assessment against Norman Allan & Co. to $87,140 as no objections were raised at the hearing to the audit valuation. In regard to E. L. Rice & Co., the tribunal ruled that: (1) respondent timely filed a personal property statement for the 1974 tax year; (2) respondent sufficiently proved as to tax year 1975 that the property did not have a situs within Detroit on tax day, December 31, 1974, and that, therefore, the property was not subject to taxation, however, the 1975 statement omitted certain inventory and, therefore, the assessed value was increased to $118,920 from the reported $111,260; and (3) respondent did not sufficiently prove as to tax year 1974 that the property did not have a situs within Detroit on tax day, December 31, 1973, and, therefore, the assessed value should be increased to $703,880.

Respondents appeal as of right from the Tax Tribunal's judgment.

The proper standard of review of the decision by the Tax Tribunal was recently stated in *Northwood Apartments v City of Royal Oak,* 98 Mich App 721, 724; 296 NW2d 639 (1980):

"At the outset, we emphasize that this Court's authority to review a valuation decision of the Tax Tribunal is very limited. We are bound by the factual determinations of the Tribunal. *Ironwood v Gogebic County Board of Comm'rs,* 84 Mich App 464, 469; 269 NW2d 642 (1978). Where, as here, no fraud is alleged, our review is limited to the questions of whether the Tribunal committed an error of law or adopted a wrong principle. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231; 276 NW2d 566 (1979), *Consumers Power Co v Port Sheldon Twp,* 91 Mich App 180, 184; 283 NW2d 680 (1979), Const 1963, art 6, § 28."

Thus, this Court is bound by the factual determinations of the Tax Tribunal, and the issue before us is whether the tribunal committed any errors of law.

Although the parties have raised several issues for our review, we believe that our resolution of one is dispositive of this appeal. That issue is whether the Tax Tribunal erred in concluding that it had jurisdiction to decide this matter. The parties do not dispute the fact that the petitions were filed on December 9, 1975. The dispute concerns interpretation of two statutes which are possibly applicable to the facts of the instant case, MCL 211.22; MSA 7.22 and MCL 211.154; MSA 7.211.

MCL 211.22; MSA 7.22 provides in pertinent part:

"Sec. 22. *[Testimony Assessment.]* If the supervisor or assessing officer, a member of the state tax commission, or the director or deputy director of the county tax or

equalization department as mandatorily established udner section 34 of this act *shall be satisfied that any statement* so made is incorrect * * * [he] is hereby authorized to set down and assess to such person, firm or corporation so entitled to be assessed, such amount of real and personal property as he may deem reasonable and just.

"Whenever examination and investigation reveal that the *written statement of personal property is incorrectly made,* that any data submitted is false, or that certain personal property has been omitted from the statement, the supervisor or assessing officer *may petition* the state tax commission to revise the personal property assessment of the person submitting such erroneous statement, *if the petition is filed on or before June 30 of each year."* (Emphasis supplied.)

MCL 211.154; MSA 7.211 provides in pertinent part:

"Sec. 154. If it shall be made to appear to the commission at any time that as a matter of fact *any property liable to taxation has been incorrectly reported* for any previous year, but not to exceed the current assessment year and 1 year immediately preceding the date of discovery and disclosure of the omission, but not prior to the effective date of the 1969 amendment to this section, the commission shall notify by registered mail the person to whom such property is assessable and give such person an opportunity to appear at a hearing before the commission, which hearing shall be held not later that 30 days from the date of notification by mail. *If it appears to the commission that no reason in fact or in law exists which would justify an exemption of such property from taxation* for those 2 years, it shall immediately place the total aggregate assessment value for the omitted years on the then current assessment roll in the column provided." (Emphasis supplied.)

In the proceedings below, the respondents brought a motion to dismiss based upon the provi-

sion in § 22 that the petitions were not filed on or before June 30, 1975, and, thus, were untimely. The city responded (and contends on appeal) that the phrase "may petition" makes § 22 permissive rather than mandatory. According to the city, it was not obligated to proceed under § 22 and, in fact, was not so proceeding. Rather, the city claimed that it was entitled to proceed under § 154 and that it could, therefore, file its petitions after June 30.

We note at the outset that the Michigan Tax Tribunal has replaced the Tax Commission as the reviewing body of assessment disputes and the like. *Detroit v Jones & Laughlin Steel Corp,* 77 Mich App 465; 258 NW2d 521 (1977). In addition, tax statutes are strictly construed. *Topps of Warren, Inc v City of Warren,* 27 Mich App 59, 62; 183 NW2d 310 (1970). As the Court stated in *In re Dodge Brothers,* 241 Mich 665, 669; 217 NW 777 (1928):

"The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer."

We conclude that the Tax Tribunal incorrectly determined that the city properly proceeded in this matter under MCL 211.154; MSA 7.211. We believe that MCL 211.22; MSA 7.22 applies when the assessor petitions the tribunal to increase the value on the tax roll of personal property inadequately and improperly reported by a taxpayer but which is conceded to be taxable. MCL 211.154; MSA 7.211, on the other hand, applies when property has been incorrectly reported as exempt property but is thought to be (*i.e.,* is "made to appear to be") taxable property. The issue in such cases is

the proper *status* of the property, whether it is amenable to taxation in the first place.

This conclusion is reinforced by language stated in the second sentence of § 154 that:

"If it appears to the commission that *no reason* in fact or in law exists which *would justify* an exemption of such property from taxation for those 2 years, it shall immediately place the total aggregate assessment value for the omitted years on the then current assessment roll * * *." (Emphasis added.)

This language indicates that the section is concerned with property which previously had been incorrectly reported as property not amenable to taxation because the taxpayer claimed that the property was exempt. Although the precise issue facing this Court has not heretofore been decided, the case of *City of Ann Arbor v State Tax Comm,* 393 Mich 52; 223 NW2d 1 (1974), is instructive. The City of Ann Arbor filed petitions with the State Tax Commission seeking to have tax exempt property declared taxable and placed on the assessment rolls. In that case the parties proceeded under § 154.

Thus, MCL 211.154; MSA 7.211 provides that if property had been incorrectly reported as exempt (during the current year or one year immediately preceding the date of discovery and disclosure of the omission) and it is "made to appear" to the Tax Tribunal that the property was incorrectly reported because it is in fact "property liable to taxation" (*i.e.,* not exempt), then the taxpayer shall have an opportunity for a hearing, and if it appears that no reason justifies an exemption from taxation the tribunal shall place the aggregate assessment value for the omitted years on the current assessment roll. Under our interpretation

of § 154, this statute does not apply to the petitions at bar since they allege only that the personal property of respondents was undervalued.

We also agree with respondents' suggestion that the statutory language of MCL 211.22; MSA 7.22 is unambiguous in requiring a petition *in response to an incorrect written statement* to be filed on or before June 30 of the tax year. The "may petition" language found in § 22 is not, as the city contends, permissive in the sense that an assessor may choose to proceed under either § 22 or § 154. The statute is "permissive" only to the extent that a petition can be filed *only if* it is filed on or before June 30.

Additionally, the filing requirement language of § 22 cannot be read consistently with § 154 if the city may proceed under either statute since the longer time limit in § 154 would render the filing limits of § 22 totally useless. As respondents point out, § 154 provides for procedures to be followed by the tribunal *after* it has been "made to appear" that property was incorrectly reported, whereas, § 22 provides for *initial* procedures to determine in the first place whether a statement is incorrect.

Since the petitioner in this case was challenging the *statements* submitted by respondents, it should have proceeded under MCL 211.22; MSA 7.22, and the failure to comply with its requirements necessitates a dismissal of both cases.

Reversed. No costs, a matter of statutory construction being involved.