703 N.W.2d 227 (2005)
CITY OF MT. PLEASANT, Petitioner-Appellant,
v.
STATE TAX COMMISSION, Respondent-Appellee.
Docket No. 253744.
Court of Appeals of Michigan.
Submitted June 8, 2005, at Lansing.
Decided June 21, 2005, at 9:00 a.m.
Released for Publication September 2, 2005.
Simen, Figura & Parker, P.L.C. (by Richard J. Figura and Kari E. Burba), Flint, for the city of Mt. Pleasant.
Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, and Gerald A. Whalen, Assistant Attorney General, for the State Tax Commission.
Miller, Canfield, Paddock and Stone, P.L.C. (by William J. Danhof), Lansing, for the Michigan Municipal League.
*228 Before: OWENS, P.J., and MARK J. CAVANAGH and NEFF, JJ.
OWENS, P.J.
Petitioner appeals as of right a judgment entered by the Michigan Tax Tribunal that resolved seven cases petitioner filed in 1993 and 1996, which were consolidated in 1997. The cases concern the assessment of fifty-three parcels in four "parent" parcels containing approximately 325 total acres, which petitioner bought in 1990, annexed, and then sold for various purposes, including private development. We affirm. The tribunal's overview of the case summarizes the facts of the dispute:
In 1990, Petitioner purchased 300 plus acres for City development. The parcels of property were not physically located within the boundaries of the City until they were purchased and annexed. From the time of purchase until the present, Petitioner has platted and marketed the parcels for development. The City Assessor, after requesting guidance from the Michigan State Tax Commission, placed the Bellows Place Subdivision and Preston Place Subdivision on the assessment roll for 1993. Petitioner argued that the properties were exempt from taxation pursuant to the provisions of MCL 211.7m; MSA 7.7(4j). Petitioner appealed to the local Board of Review, which affirmed the assessor's decision. The Board of Review determined that Petitioner was not exempt from taxation on Bellows Place and Preston Place subdivisions, which Petitioner owned and developed for sale as residential property. Petitioner filed a Petition . . . with the Tribunal on June 24, 1993 and alleged that the parcels held by Petitioner were tax exempt. Since then other properties have been added to the tax roll and other cases have been filed with this Tribunal, all of which have been consolidated in this proceeding.
Petitioner first argues that land being assembled and marketed for future private development is land presently "used for public purposes" within the meaning of the tax exemption statute, M.C.L. § 211.7m, and the tribunal erred as a matter of law in holding that petitioner's was not exempt. We disagree.
Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle. The tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence. Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal. [Meijer, Inc. v. Midland, 240 Mich.App. 1, 5, 610 N.W.2d 242 (2000) (citations omitted).]
Tax exemptions are construed narrowly. Skybolt Partnership v. City of Flint, 205 Mich.App. 597, 602, 517 N.W.2d 838 (1994). M.C.L. § 211.7m provides, "Property owned by . . . a city . . . used for public purposes . . . is exempt from taxation under this act." If a public purpose use is a prospective use rather than a present use, it will not be tax exempt. Municipal Employees Retirement Systems of Michigan v. Delta Charter Twp, 266 Mich.App 510, ___, 702 N.W.2d 665 (2005), citing Traverse City v. East Bay Twp., 190 Mich. 327, 330-331, 157 N.W. 85 (1916).
Nevertheless, petitioner argues that marketing property for sale to private purchasers is a current use for public purposes.[1] *229 It is true that economic development is a public purpose. Wayne Co. v. Hathcock, 471 Mich. 445, 462, 684 N.W.2d 765 (2004). The Legislature offers several economic development programs that provide property tax exemptions. Petitioner claims that the programs define economic development as a public purpose and asserts it is entitled to the same exemption that these statutory programs provide, even though it did not engage in economic development under the state programs. Nevertheless, the existence of the specific economic development programs providing property tax exemptions suggests that the exemptions only exist under the terms of their enabling statutes. Accepting petitioner's argument that it was entitled to the exemption for carrying out economic development activity would amount to a holding that portions of these enabling statutes were needless because M.C.L. § 211.7m would provide the necessary exemption.
Thus, the issue becomes whether petitioner's property was currently used for public purposes after petitioner bought it and during the period in which petitioner was marketing the land. The Kansas Supreme Court in In re City of Wichita, 255 Kan. 838, 847, 877 P.2d 437 (1994), considered the meaning of the word "use" in the context of the public purposes exemption and held that an owner must do more than market a property for sale to say that it is "used," even where the sale revenue will unquestionably be used for a public purpose: "[T]he property at issue was not used in the sense that term normally is understood. Although `use' also can mean purpose or end, the term `use' typically contemplates some active, actual utilization of the property." Id. Because the property here was not actively, actually used by petitioner, we conclude that the tribunal did not make an error of law or apply a wrong legal principle in holding that petitioner's land was not exempt from ad valorem taxes while being marketed to private users.
Petitioner next argues the tribunal incorrectly applied a legal principle when it found that petitioner omitted the property from the tax rolls by listing it as exempt, and the tribunal concluded that respondent was entitled to correct the tax roll for the challenged year and the two prior years pursuant to M.C.L. § 211.154. We disagree.
At the time petitioner challenged the orders,[2] M.C.L. 211.154 stated in relevant part:

*230 (1) If it shall be made to appear to the state tax commission at any time that as a matter of fact any property liable to taxation has been incorrectly reported or omitted for any previous year, but not to exceed the current assessment year and 2 years immediately preceding the date of discovery and disclosure of the incorrect reporting or of the omission, the state tax commission shall place the corrected assessment value for the appropriate years on the then current assessment roll.
Relying on City of Ann Arbor v. State Tax Comm., 393 Mich. 52, 223 N.W.2d 1 (1974), this Court has suggested that M.C.L. § 211.154 applies to this kind of case. Detroit v. Norman Allan & Co., 107 Mich.App. 186, 191-192, 309 N.W.2d 198 (1981). We find this reasoning persuasive. Moreover, we note that the plain language of the statute is not limited to incorrectly omitted property; it also includes incorrectly reported property.
Petitioner next argues that respondent's failure to act in 1992 signified approval of petitioner's exemption claim, which precluded correction in 1996 of the tax roll under M.C.L. § 211.154, and the tribunal's finding  that there was no evidence suggesting respondent was advised of the claim  was unsupported by substantial, material, and competent evidence. Because petitioner has not cited any cases from Michigan or elsewhere that support its conclusion that the failure to act signified approval or precluded respondent's ability to take action under M.C.L. § 211.154 in 1996, we decline to address this issue.
"It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [Mudge v. Macomb Co., 458 Mich. 87, 105, 580 N.W.2d 845 (1998), quoting Mitcham v. Detroit, 355 Mich. 182, 203, 94 N.W.2d 388 (1959).]
Affirmed.
NOTES
[1] Petitioner also argues that the project was for a public purpose because it was intended to enhance its tax base so that it could continue to provide municipal services. Petitioner's argument highlights the paradox created by its claim, which is that taking property off the tax rolls serves a public purpose because the property will then be sold for private uses that will enhance the property tax base. Thus, petitioner claims, a municipality is entitled to claim the exemption given for lands used for public purposes while it is marketing land to improve the tax base, although the beneficial use  the enhanced tax base  will not occur, if ever, until after the land is sold to private interests. We are not persuaded by this argument.
[2] M.C.L. § 211.154(1) was amended by 1996 P.A. 476, to read in relevant part:

If the state tax commission determines that property liable to taxation . . . has been incorrectly reported or omitted for any previous year, but not to exceed the current assessment year and 2 years immediately preceding the date of discovery and disclosure to the state tax commission of the incorrect reporting or omission, the state tax commission shall place the corrected assessment value for the appropriate years on the appropriate current assessment roll.
This amendment became effective two weeks after petitioner filed its challenges. However, the amendment does not affect our analysis.